06 CV 5686

JUDGE STANTON

Helen F. Dalton & Associates, PC
Elliot P. Alony (EA 6132)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

ESTANISLAS ARRIAGA,

        Plaintiff,

-against-

BOGOPA-CONCOURSE, INC. d/b/a Food Bazaar,
BOGOPA SERVICE CORP., and HWEE ILL AN,
an individual,

        Defendants
_____/

**COMPLAINT**

**JURY TRIAL
DEMANDED**

1. Plaintiff ESTANISLAS ARRIAGA (hereinafter referred to as "Plaintiff"), by her attorneys Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, through undersigned counsel, bring this action against Bogopa-Concourse, Inc., Bogopa Service Corp., And Hwee Ill An (collectively, "Defendants") to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiffs employment at the Food Bazaar, in Bronx, New York.

3. Plaintiff was employed by Defendants to work as a grocery bagger at the Food Bazaar from January 2, 2005 until her employment was terminated on January 19, 2006. Although Plaintiff worked approximately 56 hours or more per week, Defendants did not pay Plaintiff *any* wages. Instead, Defendants

required Plaintiff to work only for customer tips, a blatant violation of the minimum wage and overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. As a result of these violations of federal and state labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $75,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. §1367

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202

## THE PARTIES

9. Plaintiff resides in Bronx Country, New York and was employed by Defendants at the Food Bazaar supermarket in Bronx, New York from on or about January 2, 2005 until on or about January 19, 2006.

10. Upon information and belief, Defendant Bogopa-Concourse, Inc., is a corporation organized under the laws of New York with a principal executive office at 650 Fountain Avenue, Brooklyn, New York.

11. Upon information and belief, Defendant Bogopa Service Corp., is a corporation organized under the laws of New York with a principal executive office at 650 Fountain Avenue, Brooklyn, New York.

12. Upon information and belief, Bogopa-Concourse, Inc., and Bogopa Service Corp., own and/or operate a grocery store that does business under the name "Food Bazaar" at 238 East 161 Street, Bronx, New York.

13. Upon information and belief, Bogopa Service Corp., is the parent company of Bogopa-Concourse, Inc., and provides administrative and managerial support to Bogopa-Concourse, Inc., including accounting and human resources support.
14. Upon information and belief, Defendant Hwee Ill An ("An") is the Chairman of the Board of Bogopa-Concourse, Inc.
15. Upon information and belief, Defendant An is the Chairman of the Board of Bogopa Service Corp.
16. Upon information and belief, Defendant An is the Chief Executive Officer of Bogopa-Concourse, Inc.
17. Upon information and belief, Defendant An is the Chief Executive Officer of Bogopa Service Corp.
18. Upon information and belief, Defendant An is an agent of Bogopa-Concourse, Inc.
19. Upon information and belief, Defendant An is an agent of Bogopa Service Corp.
20. Upon information and belief, Defendant An has power over personnel decisions.
21. Upon information and belief, Defendant An has power over payroll decisions.
22. Defendant An has the power to hire and fire employees at the Food Bazaar, establish and pay their wages, set their work schedule, and maintain their employment records.
23. During relevant times, Defendant An was Plaintiffs employer within the meaning of the FLSA and New York Labor Law.
24. On information and belief, Bogopa-Concourse, Inc. and Bogopa Service Corp. are at present and have been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that both entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for

commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

25. Plaintiff was employed by Defendants at the Food Bazaar in Bronx, New York between approximately January 2, 2005 and January 19, 2006

26. During her employment by Defendants at the Food Bazaar, Plaintiffs primary duties were bagging groceries for customers at the end of the checkout aisles. Plaintiff also performed other duties, which included, but were not limited to, cleaning the check-out aisles, substituting for cashiers when the cashiers took breaks, returning un-purchased food to the shelves, and performing other miscellaneous duties as directed by supervisors and managers.

27. Defendants usually created weekly work schedules requiring Plaintiff to work specific shifts at the Supermarket. These weekly work schedules required Plaintiff to work well more than forty hours per week

28. In addition to the hours specified in the work schedules created by Defendants, Defendants required Plaintiff to arrive at least thirty minutes before the start of the work schedule each day so that she was ready to begin bagging customers out as soon as the cashier opened the register.

29. As a result of the work schedule and the requirement to arrive at the Supermarket at least thirty minutes early each day, Plaintiff usually worked more than forty hours per workweek throughout her employment. Plaintiff usually worked 54 to 63 hours per workweek.

30. Despite the long hours that Plaintiff worked for Defendants, Defendants did not pay Plaintiff any wages. The only compensation Plaintiff received for her work at the Food Bazaar was in the form of tips given by customers.

31. At no time did any of the Defendants inform Plaintiff that the tips she received were to be credited towards the payment of the minimum wage.

32. Defendants have kept no records of any tips received by Plaintiff

33. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

34. At all relevant times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $6 and $6.75 per hour.
35. Defendants have willfully failed to pay Plaintiff any wages for her services and labor, and in so doing have willfully failed pay the minimum wages required by federal and state minimum wage laws.
36. At all relevant times, both federal and state law have required Defendants to pay Plaintiff overtime wages at a wage rate of 1.5 times her regular rate for hours worked in excess of forty hours per week.
37. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty hours per week.
38. Defendants did not pay Plaintiff for her services and labor at a rate that is one and a half times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty in a workweek.
39. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the Supermarket as required by both NYLL and the FLSA.
40. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
41. In addition to failing to pay wages and overtime, Defendants required Plaintiff to pay for items when customers complained that they paid for such items and the items were not included in their grocery bags.
42. During portions of Plaintiffs employment, Defendants also required Plaintiff to pay two dollars per week for cleaning supplies to clean the checkout aisles.

### FIRST CAUSE OF ACTION

**Minimum Wages Under The Fair Labor Standards Act**

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.
44. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

45. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

46. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

47. Defendants willfully failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).

48. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

49. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

52. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

53. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §62.

54. Defendants also unlawfully required Plaintiff to pay for items missing from customers' shopping bags and required Plaintiff to pay for cleaning supplies to be used performing work for the supermarket in violation of New York Labor Law.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to one-quarter of her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest

### THIRD CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

57. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

58. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

60. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. § 207(a)(1).

61. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

62. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §§216(b).

## FOURTH CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

65. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of 1.5 times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to one-quarter of her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that judgment be granted:

- a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;
- b. Awarding Plaintiff unpaid minimum wages and overtime wages;
- c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
- d. Awarding Plaintiff prejudgment and postjudgement interest;
- e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and
- f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 25th day of July 2006

*[signature]*

Elliot P. Alony Esq. (EA 6132)
**Helen F. Dalton & Associates, PC**
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTANISLAS ARRIAGA,

        Plaintiff,

  against-

BOGOPA-CONCOURSE, INC d/b/a Food Bazaar,
BOGOPA SERVICE CORP , and HWEE ILL AN,
an individual,

        Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

To:

**BOGOPA-CONCOURSE, INC. d/b/a Food Bazaar**
238 East 161st Street
Bronx, NY 10451

**BOGOPA SERVICE CORP**
650 Fountain Avenue
Brooklyn, NY 11208

**HWEE ILL AN**
650 Fountain Avenue
Brooklyn, NY 11208